IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hydentra HLP Int. Limited, | No. CV-15-00240-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Pornvideoxo.com, et al., | |
| Defendants. | |

Plaintiff filed an *Ex Parte* Motion for Early Discovery (Doc. 8) to discover the identities of the owners and operators of defendants Pornvideoxo.com and John Does 1 – 20, prior to the Rule 26(f) scheduling conference. Such relief is necessary, Plaintiff claims, because "once the Defendants are informed of the fact that Plaintiff seeks their information, they are likely to take further steps to hide their identities and/or to fraudulently transfer assets." Mot. (Doc. 8) at 7: 19-20. Specifically, Plaintiff seeks to subpoena Whois Privacy Protection Services, Inc., Name.com, Cloudflare, Inc., and other "relevant" Internet Service Providers ("ISPs"), to determine the true names and addresses of the "owners and operators" of defendants Pornvideoxo.com and Does 1-20, alleged infringers of Plaintiff's copyrighted works. (*Id*. at 1, 4, 5 and 6). Plaintiff deems this to be "primary discovery[.]" (*Id.* at 2:11).

Plaintiff also is seeking "secondary" or "follow-up" discovery in the form of serving interrogatories upon, and taking the depositions of, any "Internet subscriber identified by each ISP . . . to determine whether or not they are one of the proper

defendants in this action." Mot. (Doc. 8) at 5:17; and at 6:21-23. In the "interest of judicial economy," Plaintiff is seeking "pre-authorization to conduct this supplemental discovery." (*Id.* at 6:23-24).

Rule 26(d)(1) authorizes discovery prior to the Rule 26(f) conference "for the parties' . . . convenience and in the interests of justice[.]" Fed.R.Civ.P. 26(d)(2). "Courts in the Ninth Circuit apply a good cause standard to decide pre-service discovery requests, comparing the need for expedited discovery with the potential prejudice to the responding party." *Riding Films, Inc. v. John Does 1-CCL.*, 2013 WL 2152552, at *4 (D. Ariz. May 16, 2013) (citation omitted). To determine whether "good cause" exists to allow such discovery, the Court "may consider whether Plaintiff (1) can identify the missing party with sufficient specificity that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) has identified all previous steps taken to locate the elusive defendant; (3) suit against the defendant could withstand a motion to dismiss; and (4) has demonstrated that there is a reasonable likelihood of being able to identify the defendant throughout the requested discovery, thus allowing for service of process." *Id*. (citation omitted).

Plaintiff has satisfied the good cause requirement. First, Plaintiff claims to have "observed and documented infringement of its registered works by individuals and/or entities owning or operating Pornvideoxo.com." Mot. (Doc. 8) at 4:5-6. Plaintiff has thus identified, with as much specificity as possible at this early juncture, the existence of real persons or entities who can be sued in federal court. Second, Plaintiff has identified the defendants' Moniker account information and user names. Beyond that, however, Plaintiff is unable to identify potential Defendants without obtaining their identifying information from their Moniker account information and then from their ISP. Therefore, it "appears that Plaintiff has exhausted all other means for identifying the true owner" or operator of the defendants Pornvideoxo.com and Does 1-20 and "this expedited discovery is likely to reveal" their identities. *See Riding Films*, 2013 WL 2152552, at *4. Third, as the Complaint details, Plaintiff sufficiently alleges a *prima facie* claim of copyright

infringement based on its allegations that: (1) Plaintiff owns and has registered the copyright works at issue in this case; (2) the Defendants distributed the works without authorization and (3) Plaintiff suffered damages based on the unauthorized distribution of its copyright works. *See* Co. (Doc. 1) at ¶¶ 52- 72. The Complaint also appears to sufficiently allege a claim of contributory copyright infringement so as to withstand a motion to dismiss. *See id.* at ¶¶ 73- 86.

In addition, district courts have recognized that ISPs generally retain user information for a limited time. *UMG Recordings, Inc. v. Does I-IV*, 2006 WL1343597, at *1 (N.D. Cal. Mar. 6, 2006). Therefore, because the user information Plaintiff is seeking may become more difficult to acquire with the passage of time, its request for expedited discovery is well taken.

In sum, good cause exists for expedited discovery in this matter, because Plaintiff's need for the discovery outweighs any prejudice to the ISP or the unidentified potential defendants. This good cause finding is limited to the requested "primary discovery[,]" to which Plaintiff's motion, and accordingly this Order, are mainly directed.[1] The Court is unwilling to grant "pre-authorization" to conduct secondary discovery at this time, however.

Accordingly, **IT IS ORDERED**:

1. **GRANTING** in part and **DENYING** in part without prejudice Plaintiff's *Ex Parte* Motion for Early Discovery (Doc. 8).

2. Plaintiff may immediately serve subpoenas pursuant to Fed.R.Civ.P. 45 upon Whois Privacy Protection Services, Inc., Name.com., and Cloudflare, Inc. and any relevant Internet Service Providers to obtain the identities of the owners and operators of defendants Pornvideoxo.com and Does 1-20.

3. Any Internet Service Provider so served shall have **seven calendar (7) days**

---

[1] To the extent that any ISP Plaintiff intends to subpoena is a cable operator within the meaning of the Cable Privacy Act, 47 U.S.C. § 551, the onus is on Plaintiff to ensure that any disclosures made pursuant to that subpoena are done in accordance with that Act, to the extent it may be applicable, or any other law governing disclosure of personal identifying information by a cable operator.

after service of any subpoenas to notify the subscriber(s) that their identit(y/ies) have been subpoenaed by Plaintiff.  Each subscriber whose identity has been subpoenaed shall have **twenty- one (21) calendar days** from the date of such notice to file a responsive pleading or motion to quash.

4.  Plaintiff may not serve interrogatories upon, or take the depositions of, any relevant subscriber absent further Order of this Court.

5.  Any information disclosed to Plaintiff in response to any subpoena issued pursuant to this Order may not be used for any improper purpose and may only be used for protecting its rights under the Copyright Act, 17 U.S.C. §§ 101-1322, as the Complaint alleges.

Dated this 19th day of March, 2015.

Honorable Diane J. Humetewa
United States District Judge