NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hydentra HLP Int. Limited,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Pornvideoxo.com, et al.,<br><br>　　　　　Defendants. | No. CV-15-00240-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on Plaintiff Hydentra HLP Int. Limited's Motion for Default Judge Against Defendants Ali A-Zen, Mehmet Ustan and Lyosha Ankudinov (Doc. 34). For the reasons set forth herein, the Court denies this motion without prejudice to renew.

**I. Background**

On February 10, 2015, Plaintiff commenced this action against defendant Pornvideoxo.com. and 20 Doe defendants, who allegedly own and operated or act in concert with Pornvideoxo.com. More than a year later, Plaintiff sought leave to conduct early discovery to ascertain the identity of the Doe defendants (Doc. 8), which the Court allowed (Doc. 9). When this was accomplished, on October 1, 2015, Plaintiff filed its first amended complaint ("FAC") adding Ali A-Zen, Mehmet Ustan, and Lyosha Ankudinov, the owners and operators of Pornvideo.com. These individual defendants were served with the summons, complaint and order granting alternative service via e-mail on October 26, 2015 (Docs. 22-24), as the Court allowed (Doc. 17). When these

individual defendants did not plead or otherwise respond, pursuant to Fed.R.Civ.P. 55(a), the Clerk of the Court entered default against them on January 26, 2016.  On May 2, 2016, defendant Pornvideoxo.com was dismissed without prejudice (Doc. 33).

On May 13, 2016, Plaintiff filed the pending motion and two supporting declarations.[1]  Defendants were served with the foregoing on that same date.  (Docs. 34-1 at 16; 34-2 at 7; 34-3 at 8).  Defendants have failed to respond and the time to do so, May 31, 2016, has expired.  *See* LRCiv 7.2(c) (providing that a response must be filed within fourteen days after service of the motion).  Moreover, Defendants have not moved to set aside entry of default or otherwise appeared or participated in this action.

Plaintiff is now moving for entry of a default judgment against Defendants, seeking:  (1) $1,050,000.00 in statutory damages for willful copyright violations; (2) $19,570.00 in attorney's fees and costs; and (3) a permanent injunction enjoining "Defendants and their respective agents, servant, and employees, . . .  from infringing upon any of the Plaintiff's copyrighted works[.]"  (Doc. 34-1 at 16:5-7).

## II. Discussion

The Court is cognizant that "default judgments are more often granted than denied." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F.Supp.2d 1065, 1071 (D.Ariz. 2006) (internal quotation marks and citation omitted). Nevertheless, "[e]ntry of a default judgment, . . . , is not a matter of right." *Thompson v. Streetsmarts, Inc.*, 2011 WL 2600744, at *14 (D.Ariz. 2011).  Therefore, as in all matters before it, the Court takes seriously its role and will not merely rubberstamp a motion for the entry of a default judgment.

---

[1] Plaintiff submitted the declaration of its President, Jon Krogman, and another from Jason Tucker, a Director of Battleship Stance LLC, an "intellectual property and anti-piracy investigation and enforcement company."  Doc. 34-3 at 1, ¶ 2.  Mr. Tucker has been the ongoing investigator on this case.  Mr. Tucker's declaration fully conforms with 28 U.S.C. § 1746, but Mr. Krogman's does not.  The date of execution is missing from Mr. Krogman's declaration.  Although section 1746, requires substantial, not strict compliance, erring on the side of caution, the Court declines to consider Mr. Krogman's declaration.  *See* 28 U.S.C. § 1746 (unsworn declarations in "substantially" the form set forth therein may be used to support a given matter).

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors for the Court to consider in exercising its discretion include: "(1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citation omitted). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true."). The Court will address the *Eitel* factors seriatim, after insuring that it has both subject matter and personal jurisdiction.

### A. Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citation omitted). This will "avoid ent[ry] [of] a default judgment that can later be successfully attacked as void[.]" *Id*. As the FAC accurately alleges, "[t]his Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., Section 32 of the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. § 1121, 15 U.S.C. §1125, 28 U.S.C. §1331 and 28 U.S.C. §1338." (Doc. 14 at 3, ¶ 11).

. . . .
. . . .
. . . .
. . . .
. . . .

Likewise, the Court has personal jurisdiction over Defendants.[2] Defendants A-Zen and Ustan reside in Turkey, whereas defendant Ankudinov resides in Ukraine. These foreign defendants have been served and the FAC alleges claims against them based upon federal law, namely copyright infringement. Further, these owners and operators of Pornvideoxo.com have displayed Plaintiff's copyrighted material on their website, which is "located, served through and/or maintained on a server owned by Cloudflare, Inc. located in Phoenix, Arizona." (Doc. 14 at 2, ¶ 8). Therefore, this Court has personal jurisdiction over Defendants in accordance with Fed.R.Civ.P. 4(k)(2). *See Getz v. Boeing Co.*, 654 F.3d 852, 858 (9th Cir. 2011) (Rule 4(k)(2), "which is commonly known as the federal long-arm statute, permits federal courts to exercise personal jurisdiction over a defendant that lacks contacts with any single state if the complaint alleges federal claims and the defendant maintains sufficient contacts with the United States as a whole.")

### B. Default Judgment Factors

#### 1. Possible Prejudice

Turning to the first *Eitel* factor, it weighs in favor of entry of a default judgment because Plaintiff will "suffer prejudice if the default judgment is not entered" in that it will "be without other recourse for recovery." *See Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D.Cal. 2003). Further, just as in *Hydentra HLP Int. Limited v. Porn 69.org*, 2016 WL 3213208 (D.Ariz. 2016), a case substantially similar to the present one, "Plaintiff has been injured by websites hosted in Arizona . . . , and has brought suit in Arizona." *Id.* at *2 (citation omitted).

#### 2. Merits of Plaintiff's Claims and Sufficiency of the Complaint

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT*

---

[2] To establish personal jurisdiction, Plaintiffs, inadvertently it appears, mistakenly rely upon the venue statutes generally, "28 U.S.C. §§ 1391(b),(c), and/or (d)" and the more specific venue statute pertaining to copyright actions, 28 U.S.C. § 1400(a). (Doc. 34-1 at 2:7-8). Venue and personal jurisdiction are not synonymous however. Therefore, it does not necessarily follow that because venue is proper in a given court, that that court, too, will have personal jurisdiction over the defendants.

*Education Center*, 749 F.Supp.2d 1038, 1048 (N.D.Cal. 2010). The Court will proceed in this way. The second and third *Eitel* factors "require that plaintiff's allegations 'state a claim on which the [plaintiff] may recover.'" *Id*. (quoting *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). Where the complaint sufficiently states a claim upon which a plaintiff may recover, these two factors favor a default judgment. *See Danning*, 572 F.2d at 1388-1389.

"To establish a prima facie case of copyright infringement, a plaintiff must demonstrate (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012) (internal quotation marks and citation omitted). Plaintiff has so alleged in that, according to the FAC, it owns the copyright to seven original erotic films which Defendants displayed through their Pornvideo.com website. (Doc. 14 at 8-7, ¶¶ 42-48). Mr. Tucker's declaration corroborates these allegations. (Doc. 34-3 at 3-4, ¶¶ 17-20; and 10-12). The Court thus finds that Plaintiff has sufficiently alleged a meritorious claim for copyright infringement.

### 3. Amount of Money at Stake

The fourth *Eitel* factor requires the Court to "consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *See PepsiCo Inc.*, 238 F.Supp.2d at 1176; *see also Eitel*, 782 F.2d at 1471–72. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Twentieth Century Fox Film*, 438 F.Supp.2d at 1071; *see also Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998, 1012 (C.D.Cal. 2014) (citations omitted) ("Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct.") Nothing in the FAC or supporting declarations shows that the monetary relief sought -- $1,050,000.00 -- is "completely disproportionate or inappropriate[.]" *See Twentieth Century Fox Film*, 48 F.Supp.2d at 1017. Indeed, the opposite is true. The amount sought is proportionate and appropriate given that Plaintiff is electing to seek statutory damages of $1,05,000.00, instead of actual damages of $5,733,480.00 as the record reflects (Doc. 34-2 at 7, ¶ 34).

### 4. Potential Disputes of Material Fact

The fifth *Eitel* factor also favors entry of default judgment. As previously stated, "[u]pon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Dr. JKL Ltd.*, 749 F.Supp.2d at 1051 (citation omitted). As just discussed, the FAC's well-pleaded allegations sufficiently allege copyright infringement by Defendants. There appears to be no dispute concerning the material facts of this case given that Defendants, who were properly served, have made no effort to challenge the facts alleged in the FAC or even appear in this action. Further, "[t]here is nothing to indicate that these facts can be reasonably disputed." *See Porn69.org*, 2016 WL 3213208, at *2.

### 5. Excusable Neglect

The possibility of excusable neglect is practically non-existent here. As stated at the outset, Defendants were properly served with the summons, the FAC and the order granting alternative service, as well as the pending motion and supporting declarations. "Given these circumstances, it is unlikely that [Defendants'] failure to answer and the resulting default was a result of excusable neglect." *See Streeter*, 438 F.Supp.2d at 1072 (citing *Cf. Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D.Cal.2001) (concluding no excusable neglect because defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion")). Bolstering this finding is that according to Mr. Tucker, "since being served with this lawsuit, Defendants have continued their infringing activities," albeit not on the domain pornvideoxo.com, which "is no longer active." (Doc. 34-3 at 6, ¶ 32). Instead, "[t]he link now takes the user to" another website, "where Defendants continue to display Hydentra's videos for free[]" and without authorization. (*Id.*). This conduct indicates, just as in *Porn69.org*, 2016 WL 3213208, that "Defendants were aware of this lawsuit and that their failure to participate was willful, not negligent." *See id.* at *2.

. . . .

. . . .

- 6 -

### 6. Policy Favoring Decision on the Merits

"The Federal Rules espouse a preference for resolving cases on their merits[.]" *Dr. JKL Ltd.*, 749 F.Supp.2d at 1051 (citation omitted); *see also Eitel*, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonable possible."). The mere existence of Rule 55(b), however, indicates that this preference is not absolute. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Thus, "the preference to decide cases on the merits does not preclude a court from granting default judgment." *Id.* (internal quotation marks and citation omitted). Here, Defendants "failure to comply with the judicial process makes a decision on the merits likely impossible." *See* Dr. JKL Ltd., 749 F. Supp.2d at 1051. Accordingly, this seventh *Eitel* factor favors entry of default judgment.

Weighing each of the *Eitel* factors, the Court has little difficulty concluding that that entry of default judgment is proper.

### C. Remedies

Having found that entry of a default judgment is proper, the issue becomes one of damages. In contrast to the other allegations in the FAC, allegations pertaining to damages are not taken as true. *Geddes*, 559 F.2d at 560. Consequently, Plaintiff "is required to prove all damages sought in the complaint." *Phillip Morris USA*, 219 F.R.D. at 498 (quoting Fed.R.Civ.P. 54(c)). At the same time, however, "[e]ntry of a default judgment for monetary damages is appropriate without a hearing if 'the amount claimed is a liquidated sum or capable of mathematical calculation.'" *HTS, Inc. v. Boley*, 954 F.Supp.2d 927, 947 (D.Ariz. 2013) (citing *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) (no hearing necessary when documents show that the judgment amount is based upon a definite figure)). "'In determining damages, the court can rely on the declarations submitted by the plaintiff.'" *Id.* (quoting *Philip Morris*, 219 F.R.D. at 498). "The plaintiff must provide evidence of its damages, and the damages 'must not differ in kind from, or exceed in amount, what is demanded in the pleadings.'" *Id.* (quoting Fed.R.Civ.P. 54(c)) (other citation omitted).

"A copyright owner may elect to recover statutory damages in lieu of actual damages if the copyright in question was *registered* with the U.S. Copyright Office *before* the date of infringement." *Porn69.org*, 2016 WL 3213208, at *2 (citing 17 U.S.C. §§ 412, 504(a)) (emphasis added).  As 17 U.S.C. § § 504(a) and (c) allow, in the present case Plaintiff is seeking only statutory damages. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008) ("Under 17 U.S.C. § 504(a) and (c), a copyright owner may elect to recover statutory damages instead of actual damages and any additional profits.")  More specifically, pursuant to 17 U.S.C. § 504(c)(2), claiming that the copyright infringements were willful, Plaintiff is seeking a total of $1,050,000.00 from Defendants.  This figure represents the statutory maximum per violation of $150,000.00[3] multiplied by seven, the number of times Defendants infringed upon Plaintiff's copyright.

The FAC does allege the registration dates of two of Plaintiff's trademarks. (Doc. 14 at 4-5, ¶¶ 21 and 23).  The FAC is silent, however, as to exactly when the infringed copyrights were registered.  Instead, the FAC merely alleges that "Plaintiff has registered with the United States Copyright Office the copyrighted works identified in the Complaint."  (*Id*. at 4, ¶ 20).  Given that registration prior to the infringement is a necessary predicate to statutory damages, the Court declines to make any such award at this juncture.  Necessarily, the Court also must deny Plaintiff's motion for entry of a default judgment. *See* Fed.R.Civ.P. 55(a)(2).

### D. Attorney's Fees and Costs

The absence of allegations as to when Plaintiff registered its infringed copyrights also precludes an award of attorney's fees and costs at this juncture.  *See Porn69.org*, 2016 WL 3213208, at *3 (citing 17 U.S.C. §§ 412, 505) (emphasis added) ("A prevailing copyright owner may recover costs and reasonable attorney's fees if the copyright in

---

[3] "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

- 8 -

question was *registered* with the U.S. Copyright Office *before* the date of the infringement.")

### III. Conclusion

For the reasons set forth herein,

**IT IS HEREBY ORDERED DENYING** Plaintiff Hydentra HLP Int. Limited's Motion for Default Judgment Against Defendants Ali A-Zen, Mehmet Ustan and Lyosha Ankudinov (Doc. 34) without prejudice to renew.

**Dated** this 7th day of July, 2016.

Honorable Diane J. Humetewa
United States District Judge